IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-14-D
No. 5:12-CV-482-D

| | |
|---|---|
| GERALD DEWAYNE CLEMONS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 19, 2009, the court sentenced Gerald Dewayne Clemons ("Clemons") to 120 months' imprisonment, following his guilty plea to being a felon in possession of a firearm. See Sentencing Tr. [D.E. 42] 11–25. On July 20, 2010, the United States Court of Appeals for the Fourth Circuit affirmed Clemons's sentence. United States v. Clemons, 388 F. App'x 305, 305–07 (4th Cir. 2010) (per curiam) (unpublished).

On August 2, 2012, Clemons moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and cited United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)(en banc). See [D.E. 49]. On September 3, 2013, this court dismissed Clemons's section 2255 motion as untimely, and alternatively, on the merits. See [D.E. 54]. The court also denied a certificate of appealability. Id. 4.

On December 6, 2013, Clemons moved for reconsideration of the court's judgment dismissing his 28 U.S.C. § 2255 motion. See [D.E. 56]; Fed. R. Civ. P. 59(e). On March 18, 2014, the court denied Clemons's motion to reconsider. See [D.E. 58]. On April 23, 2014, Clemons filed a second motion for reconsideration [D.E. 59]. On May 7, 2014, Clemons filed the same second motion for reconsideration that he filed on April 23, 2014 [D.E. 60]. In his motions to reconsider,

Clemons argues that he is entitled to relief in light of Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014).

On July 11, 2014, the Fourth Circuit granted rehearing en banc in Whiteside. See United States v. Whiteside, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014) (unpublished). Accordingly, the panel opinion in Whiteside has been vacated. See 4th Cir. R. 35(c); Richmond Med. Ctr. for Women v. Herring, 570 F.3d 165, 168 (4th Cir. 2009) (en banc). Moreover, Clemons's motions to reconsider ignore this court's alternative holding that Clemons's Simmons claim fails on the merits. See [D.E. 54] 3–4. Simply put, even if Simmons is retroactive, and the court incorrectly calculated the advisory guideline range, the court still would have imposed the same 120-month prison sentence. See id. Thus, Clemons's motions to reconsider fail to meet the standard under Rule 59(e) of the Federal Rules of Civil Procedure. See, e.g., Zinkard v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995); Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

In sum, Clemons's motions to reconsider [D.E. 59, 60] are DENIED. The government's motion to hold the case in abeyance [D.E. 61] is DISMISSED as moot. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001).

SO ORDERED. This 31 day of July 2014.

JAMES C. DEVER III
Chief United States District Judge

2